UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-02757-MCS-RAO | Date | May 17, 2021 |
| Title | *Rona Komins et al v. Dave Yonamine et al* | | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING ACTION (ECF No. 11)

Plaintiff Rona Komins moves to remand due to Defendants Dave Yonamine, John Libby, and MobilityWare LLC's untimely removal and requests a fee award. Mot, ECF No. 11. The Court deems this matter appropriate for decision without oral argument and vacates the hearing. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## I. RELEVANT BACKGROUND

Plaintiff commenced this putative class action on July 17, 2019 and filed a First Amended Complaint ("FAC") on July 19, 2019. *See* Not. of Removal ("NoR"), ECF No. 1-1. After briefing concerning potential arbitration and dispositive defenses, Plaintiff filed a Second Amended Complaint ("SAC") on October 26, 2020. *See* SAC, ECF No. 1-38. Following more briefing and orders from the state court adverse to Defendants, Plaintiff filed a Third Amended Complaint ("TAC"). *See* TAC, ECF No. 1-55. Plaintiff's complaints allege unlawful conduct in connection with MobilityWare's gaming applications on behalf of three classes, including all "persons residing [in] the United States of America who were older than 18 years of age when they played the MobilityWare Gaming Apps from whom Defendants collected, used, or disclosed personal information without disclosures, permissions, or consent." TAC ¶ 147; SAC ¶ 147. Plaintiff alleges that "greater than

two-thirds of all members in the proposed Class are citizens of California…" TAC ¶ 2; SAC ¶ 2. The parties' Joint Case Management Statement—executed October 4, 2019 and filed October 7, 2019—includes Defendants' acknowledgement that Plaintiff requested certification on behalf of "all persons residing in the United States of America who were older than 18 years of age when they played the MobilityWare Mobile Gaming Apps…" *See* Joint Case Management Statement, ECF No. 27-2.

Plaintiff served MobilityWare with Special Interrogatories and Requests for Production on February 11, 2021. Decl. of Lilach Halperin ("Halperin Decl,"), ¶ 2, ECF No. 11-2. Some requests seek information limited to California, while others seek nationwide information. For example, Request for Production Number 12 seeks revenue data relating to nationwide users, while Request Number 13 seeks the same information with respect to California users. *Id.* Ex. 1. MobilityWare objected to requests for nationwide information on the grounds that Plaintiff purportedly sought no nationwide relief. *Id.* On March 24, Plaintiff sent a discovery-related meet and confer letter stating that Plaintiff seeks relief on behalf of a nationwide class. NoR ¶ 13. Defendants removed this action under the Class Action Fairness Act of 2005 ("CAFA") on March 31, arguing that Plaintiff's March 24 letter constituted their first notice that Plaintiff seeks relief on behalf of a nationwide class and, thus, that CAFA's requirements are satisfied. *Id.* ¶¶ 8-14.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The removal of class actions is also governed by 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446."). "A case becomes 'removable' for purposes of section 1446 when the CAFA ground for removal is disclosed." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which… any member of a

class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2). Under "CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

## III. DISCUSSION

Defendants' first explanation for removing this case nearly two years after it was filed is that they did not know Plaintiff sued on behalf of a nationwide class until receiving the March 24 letter. NoR ¶¶ 8-14. Remand is mandatory even if CAFA jurisdiction exists because Defendants fail to demonstrate that the letter constitutes a "paper from which it may first be ascertained that the case is one which is or has become removable." *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) (stating that statutory removal deadline is "imperative and mandatory, must be strictly complied with, and is to be narrowly construed.").

Since this action's July 19, 2019 inception, Plaintiff has sought relief on behalf of "persons residing [in] the United States of America who were older than 18 years of age when they played the MobilityWare Gaming Apps..." TAC ¶ 147. Defendants expressly acknowledged on October 4, 2019 that Plaintiff sought certification on behalf of "all persons residing in the United States of America who were older than 18 years of age when they played the MobilityWare Mobile Gaming Apps…" *See* Joint Case Management Statement. Plaintiff propounded discovery requests directed toward her putative nationwide class on February 11, 2021—more than 30 days before removal—that contrasted with requests limited to California. *See* Halperin Decl. Exs. 1-2. Defendants reportedly assumed all four complaints' class allegations contained a "typographical error" accidentally seeking nationwide relief. NoR ¶ 11. While Defendants support their assumption's authenticity by citing the complaints' ambiguity and objections to discovery requests not confined to California, CAFA "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Defendants claiming they had no reason to suspect a nationwide class despite Plaintiff praying on behalf of all "persons residing [in] the United States of America," Defendants recognizing as much in writing on October 4, 2019, and Plaintiff seeking nationwide discovery more than 30 days before removal does not meet their burden. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citation omitted). The record sufficiently supports that Defendants

were on notice concerning Plaintiff's nationwide putative class more than 30 days before removal.

Defendants alternatively argue that "Plaintiff's failure to make any allegations as to the amount in controversy means that Defendants' time to remove never began to run, regardless of whether Plaintiff's papers were sufficient to disclose that she was pursuing relief on behalf of a nationwide class." *See* Opp'n to Mot. 15-16, ECF No. 17. Defendants cite no information received in the 30 days before removal that clarified potential damages but insist that defendants may ignore damages evidence and refrain from estimating the amount in controversy until it helps their case. *Id*. But Defendants possessed the evidence now proffered to estimate the amount in controversy well before removal and "a defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Such removal based on strategic ignorance of obvious data and allegations demonstrating removability is what Defendants attempted here by removing nearly two years into this action and only after unfavorable rulings. *Chi-Fu Hsueh v. Bankers Life & Cas. Co.*, 421 F. Supp. 3d 937, 942 (S.D. Cal. 2019) ("By choosing not to remove until after their class certification petition was denied, it appears Defendants 'chose to remain ignorant of the meaning of certain objective facts from which removability could easily have been ascertained, perhaps hoping it could rely on other papers to remove the matter at a later, more advantageous time.'") (citation omitted).

In short, Defendants cite no evidence of CAFA jurisdiction that arose in the thirty days before removal that was not already obvious. Even if CAFA jurisdiction exists, remand is mandatory for untimely removal. The Court, in its discretion, declines Plaintiff's fee request. *Moore v. Tech. Props. Ltd., LLC*, 2011 WL 13244878, at *2 (N.D. Cal. Apr. 12, 2011) ("section 1447(c) provides that '[a]n order remanding the case may require payment of just costs and any actual expenses,' which has been interpreted to mean that in an order remanding the case, a court may either award or not award fees at the court's discretion.") (citing *Moore v. Permanente Medical Grp.*, 981 F.2d 443, 446 (9th Cir. 1992)).

IV. **CONCLUSION**

This action is **REMANDED** to the Superior Court of California for the County of Los Angeles, Case No. 19STCV24865. The Clerk shall close the case.

**IT IS SO ORDERED.**